K. K. HALL, Circuit Judge,
dissenting:
The majority has concluded that Dail’s tax liability was not dischargeable in bankruptcy due to a prohibition against assessment. From this conclusion, I must respectfully dissent.
The record discloses that from October, 1973, until May, 1975, the IRS did absolutely nothing with Dail’s offers of compromise. These administrative proceedings, which are charitably characterized by the majority as “desultory,” are completely devoid of any effort by the IRS to consider or reconcile Dail’s case. This lethargy culminated in the issuance of the 90-day letter on March 23,1976, eight days after Dail’s discharge in bankruptcy, four months after filing of the bankruptcy petition and six months after the termination of negotiations.
The majority states that prior to issuance of the 90-day notice, the IRS was prohibited from assessing taxes, (page 318.) While I agree with this statement, it has no application here because the IRS made no *321 attempt to promptly issue the notice. The 90-day notice is a mandatory link in the chain of events leading to the actual assessment of taxes. When negotiations ceased, even when viewed from the government’s position, the IRS had the option to either initiate the assessment proceedings by issuing the notice, or to do nothing and risk the discharge of the taxes in bankruptcy. The IRS chose the latter.
I would hold that on the date of bankruptcy, no administrative or judicial proceedings were pending because of the failure of the IRS to issue the 90-day notice. Accordingly, I would affirm the bankruptcy court.[1]

. The ultimate discharge of Dail’s tax liability would still depend upon the resolution of the allegations of fraud and willfull evasion of taxes now pending in district court.